UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LAMONT BUNN, JR., | No. 2:25-cv-1161 CKD P |
| Plaintiff, | |
| v. | ORDER |
| J. WEURTH, | |
| Defendant. | |

Plaintiff is a California prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2  The court is required to screen complaints brought by prisoners seeking relief against a
3  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
4  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
5  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
6  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7  The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon
8  which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  The
9  court will, however, grant leave to file an amended complaint.

10  The allegations in plaintiff's complaint are vague and plaintiff points to exhibits in an
11  attempt to state a claim.  Plaintiff may attach exhibits to his amended complaint, but allegations in
12  the amended complaint must amount to a claim without reference to exhibits.

13  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
14  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.
15  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in
16  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.
17  § 1983 unless there is some affirmative link or connection between a defendant's actions and the
18  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory
19  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
20  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21  Plaintiff complains about conditions of confinement.  Under the Eighth Amendment,
22  prison officials have a duty to protect prisoners from harmful conditions of confinement.  Farmer
23  v. Brennan, 511 U.S. 825, 833 (1994).  A prison official may be held liable for subjecting an
24  inmate to harmful conditions of confinement if an injury is sufficiently serious, and that the
25  prison official was deliberately indifferent to the risk of harm.  Id. at 834, 837.  Thus, the relevant
26  inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a
27  sufficiently substantial risk of serious damage to his future health."  Id. at 834 (internal quotation
28  omitted).  To be deliberately indifferent, the "official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

In short, plaintiff must explain what happened, when it happened, and who he alleges was at fault for the incident about which he complains.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: September 2, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
bunn1161.14